McGavran v. Haupt.

## McGavran v. Haupt.

1. MORTGAGE: NOTICE TO CREDITORS.   A mortgage of personal property, executed and acknowledged, but not recorded, when the mortgagor retains possession, is valid against existing creditors, with notice, at the time of its execution.

*Appeal from Scott District Court.*

MONDAY, JUNE 13.

On the 2nd of November, 1857, Henry Haupt sued out of the District Court of Scott county, an attachment against the property of George Beatty, by virtue of which the property in controversy was levied upon. The plaintiff McGavran filed his petition claiming the property levied upon, under a mortgage executed by Beatty to him, on the 25th of March preceding, of which the defendant Haupt had notice at that time. The two actions were by agreement consolidated, and on the trial the court refused instructions asked by the plaintiff, and gave others, to which exceptions were taken. The judgment was for the defendant, and plaintiff appeals. The errors assigned, are presented in the opinion of the court.

*James T. Lane,* for the appellants.

This case involves a construction of section 1193 of the Code. The words "without notice" apply as well to "existing creditors" as to "purchasers." Actual notice applies to both *creditors* and *purchasers*. *Low* v. *Pettengill*, 12 N. H. 339. *Stowe* v. *Meserve*, 13 Ib. 46. This case is directly in point. The language of the New Hampshire statute is the same almost as our own, with the omission of the word "existing." In Maryland, where the statute, so far as the question of notice is concerned, is similar to ours, the same doctrine is held. "*A creditor with notice*" is not within the class for whose *benefit* the act for recording was passed. Recording is not intended to be a *substitute* for *actual notice*, but is only *auxiliary* to it. *Hudson* v. *Warner & Vance*, 2 Harris & Gill, 430; 1 Maddox Chan. 327 & 328; *Sanger* v. *Eastwood*, 19 Wend. 515; 2 Rev. Stat. of N. Y., 318. A mortgage of chattels, without change of possession, if *bona fide* for *valuable consideration*, aside from the registry act, is good. *Fairbanks* v. *Bloomfield*, 5 Duer, 434. It is decided

in New York, that a *creditor* must be a *judgment creditor*. *Wescott* v. *Gunn*, 4 Duer, 111. The statute does not use the word *existing*; hence, it is a stronger case than the one at bar. And he must be a *creditor* at the time of the *making* of the mortgage. *Weller* v. *Wayland*, 17 Johnson 105.

*Corbin & Dow*, for the appellees.

A bill of sale, or mortgage of personal property, when the vendor or mortgagor retains possession, is fraudulent and void as to creditors, unless recorded as provided by law. See Swan's Rev. Stat. of Ohio, 1854, chap. 34, 315; Stat. of Illinois, 1856, Pt. 1, chap. 29; 2 Rev. Stat. of New York, 1852, 317; Code of Iowa, section 1193; *Wilson* v. *Leslie*, 20 Ohio, 161; *Camp* v. *Camp*, 2 Hill, 628; *Griswold* v. *Sheldon*, 4 Cowen, 581; *White* v. *Cole*, 24 Wendell, 123; *Smith & Hoe* v. *Acker*, 23 Ib., 653; *Edgell* v. *Hart*, 5 Seldon, 218; 2 Kent Com. [7th ed.,] 662–682; 2 Hill. Mort. chap. 47, 244, and cases cited. Massachusetts has gone as far as any State in sustaining the validity of these instruments. *Denny* v. *Lincoln*, 13 Metcalf, 200; *Travis* v. *Bishop*, 13 Ib., 304; *Shapleigh* v. *Wentworth*, 13 Ib., 362; *Stowe* v. *Messer*, 13 N. H., 46. If notice to one creditor would bind him, it certainly would not bind others, and that would give certain of them advantage over the others.

STOCKTON, J.—The plaintiff asked the court to instruct the jury, that if the defendant had actual notice of the mortgage from Beatty to the plaintiff, at the time the same was given, he is not to be considered an "existing creditor" of Beatty, by reason of any debt to him from Beatty, created subsequent to such notice; and that the phrase "existing creditor," means a creditor who had a claim at the time of receiving actual notice; and one who becomes a creditor after receiving notice of a mortgage, is not to be preferred to the *bona fide* mortgagee, whose mortgage is not recorded. The court refused so to instruct the jury, and charged them, "that if, at

McGavran v. Haupt.

the time of the levy of the writ of attachment, the defendant was a creditor of said Beatty, and Beatty was in actual possession of the property named in the mortgage to the plaintiff, then such mortgage, unrecorded, was of no validity as against the defendant, even though he knew of the existence of such mortgage. Unless recorded, the law deems the mortgage, as to creditors of the grantor, fraudulent and void."

The question for our decision is, whether a mortgage of personal property, executed and acknowledged, but not recorded, where the mortgagor retains possession, is valid against existing creditors, with notice of the mortgage at the time of its execution. The provisions of the statute are peculiar. It is provided that no mortgage of personal property, where the mortgagor retains actual possession, is valid against existing creditors or subsequent purchasers, without notice, unless executed in writing, acknowledged and recorded. *Code, section* 1193.

] We think the validity of the mortgage is not made to depend solely on the fact of its being recorded before the goods are seized by the creditor on his legal process; and that actual notice of its contents to the creditor, is sufficient to give to the claim of the mortgagee, by virtue of his unrecorded mortgage, duly executed and acknowledged, a preference over the creditor with notice. The filing of the mortgage for record, is held to be constructive notice only; and no good reason is seen why actual notice of the mortgage and its contents, should not be quite as effectual to render valid the claim of the mortgagee against the attaching creditor. Such, we think, is the meaning of the statute. Actual notice is good against the subsequent purchaser, and an attaching creditor stands in no better position than a purchaser for a valuable consideration. ]

Judgment reversed.