## W. W. KIMBALL CO. v. KIRBY.

1. In Section 4379, Comp. Laws, providing that "a mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed," etc., it seems the words "in good faith for value" apply only to subsequent purchasers and incumbrancers, and not to creditors.

2. The "authenticated copy" of a chattel mortgage, authorized by said section to be filed, is the authenticated copy provided for in Section 4382, and made necessary by the fact that the original is filed in some other county, where a part of the property covered by the mortgage is situated.

3. When a creditor within the meaning of said section, obtains a judgment and levies an execution upon the property covered by an unfiled chattel mortgage, he acquires a lien thereon superior to that of the holder of the mortgage.

(Syllabus by the court.   Opinion filed Aug. 2, 1893.)

Appeal from circuit court, Minnehaha county.   Hon. F. R. AIKENS, Judge.

Action in replevin by the W. W. Kimball Company against Joe Kirby, to recover possession of a piano. Defendant had judgment, from which and an order denying a new trial plaintiff appeals. Affirmed.

*Wynn & Nock*, for appellant.

A chattel mortgage is complete as between the parties and those charged with actual notice of it without any witnesses. The provisions of Sec. 4384, Comp. Laws, in regard to the wit-

nessing of the signature of a mortgagor simply prescribes a formality essential to entitle the instrument to be recorded, and do not effect the validity of the instrument itself. Kugel v. Kahl, 73 Wis. 238; Norton v. Leland, 27 Minn. 35; Johnson v. Sandhoff, 30 Minn. 199; Conlin v. Grace, 36 Minn. 276. The evidence shows that the respondent had notice of sufficient facts to put him upon inquiry as to the existence of the chattel mortgage. This was sufficient to charge him with actual notice. Bump on Fraud, Con. pp. 20, 12, 94; Baker v. Bliss, 39 N. Y. 70; Gress v. Evans, 1 Dak. 399. Even if the chattel mortgage was void it was good as between the immediate parties and for the purpose of showing actual notice. Clapp v. Trobridge, 38 N. W. 411; Plano v. Griffith, 39 N. W. 214; Ordway v. Kittle, 49 N. W. 1022.

*Joe Kirby*, for respondent.

The words "in good faith" and "for value," in Section 4379, Comp. Laws, qualify purchasers and encumbrancers and not creditors, so that actual notice of the existence of an unfiled chattel mortgage does not render it valid as to creditors of a mortgagor. Jones Chat. Mtgs. Sec. 318; Farmers v. Hendrickson, 25 Barb. 484; Stevens v. Railway Co., 31 Barb. 590; Sayre v. Hewes, 32 N. J. Ex. 652; Williamson v. Railway Co., 29 N. J. Eq. 311.

The acts of the plaintiff after it had gained possession of the property, in removing the same out of the state and in failing to foreclose its mortgage, was such a conversion of the property as would discharge the plaintiff's lien. Sec. 4342, Comp. Laws; Everett v. Buchanan, 2 Dak. 258; Hawkins v. Hubbard, 51 N. W. 774.

KELLAM, J. The appellant was the holder, as assignee, of a written instrument in the form of a chattel mortgage. It was signed by the party described as mortgagor in the presence of one person only, who attested the same as a witness. A copy was filed in the office of the register of deeds of the proper

county. Subsequently the property described in such instrument was levied upon by respondent under an execution against the maker, and at the sale the respondent became the purchaser, and took possession of the same. The appellant, after demand and refusal, brought an action to recover possession, claiming under this instrument as a chattel mortgage. Upon the trial the plaintiff offered in evidence a copy of the instrument, and proof, both by the official certificate and the oral evidence. of the register of deeds, that the same was filed in his office. This evidence was at first received, together with testimony tending to show actual notice to respondent of such instrument, but afterwards, on motion, all was stricken out, and a verdict directed for defendant. This appeal is from a judgment entered upon such verdict and an order refusing a new trial.

The first error assigned is in ruling out the copy of the instrument, which for convenience in this case we shall call a "chattel mortgage," without intending to intimate any opinion as to its legal character or effect. Section 4379, Comp. Laws, provides that "a mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated." It is not claimed in this case that the original was ever filed, but that a "true copy" was filed. We understand that the "authenticated copy" referred to in said section, and which may be filed instead of the original in certain cases, is the authenticated copy provided for in Section 4382, and made necessary by the fact that the original is already on file in some other county, where a part of the property covered by the mortgage is situated. We do not think the statute authorizes or contemplates the filing of a copy when the property is all situated in one county. The mortgage, not having been filed, was void "as against creditors of the mortgagor

and subsequent purchasers and incumbrancers of the property in good faith for value." The respondent was either himself a creditor of the mortgagor, or succeeded to the rights of a creditor. The record is not explicit as to this. Upon the trial testimony was offered, but rejected, tending to show knowledge of this mortgage on the part of respondent prior to the execution sale.

Upon this ruling the second error is assigned, so that it becomes necessary to inquire whether, under our statute, the expression "good faith for value" applies to a creditor, or only to "subsequent purchasers and incumbrancers." A comparison of the above section of our statute with the corresponding section of the New York statute reveals this difference: In the New York statute the words "as against" are repeated before "subsequent purchasers" and incumbrancers, reading, "void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagors in good faith." The New York courts hold that the saving qualification of "good faith" applies only to subsequent purchasers and mortgagors, but that as to creditors, with or without notice, an unfiled chattel mortgage is void. Trust Co. Hendrickson, 25 Barb. 484; Stevens v. Railway Co., 31 Barb. 590. The New Jersey statute is like that of New York in repeating the words "as against" before "subsequent purchasers," etc., and in that state the words "good faith" are held, as in New York, to apply only to subsequent purchasers and mortgagors, and not to creditors. Williamson v. Railroad Co., 29 N. J. Eq. 311–336; Sayre v. Hewes, 32 N. J. Eq. 652. In Ohio an early statute (1846) was like those of New York and New Jersey, already noticed, and was construed in the same manner. Wilson v. Leslie, 20 Ohio, 161. Subsequently Section 4150 of the Revision of 1880, which declares an unfiled chattel mortgage "void as against the creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith," was held subject to the same construction, and consequently that "the rule appli-

cable to a mortgagee in good faith is not applicable to a general creditor." The Texas statute is similar to that of New York, and repeats the words "as against" before "purchasers," etc. In construing it the court says a plain distinction was intended to be made between creditors of the mortgagor and subsequent purchasers or mortgagees of the property. Brothers v. Mundell, 60 Tex. 246; Freiberg v. Magale, (Tex. Sup.) 7 S. W. Rep. 684. The same is true both of the text and the judicial construction of the Nebraska statute. Earle v. Burch, 21 Neb. 702, 33 N. W. Rep. 254. On the other hand, in Iowa, in a statute declaring that "no sale or mortgage of personal property where the vendor or mortgagor retains actual possession thereof is valid against existing creditors or subsequent purchasers, without notice unless," etc., the words "without notice" are heid to apply both to existing creditors and to "subsequent purchasers." McGavran v. Haupt, 9 Iowa, 83; Allen v. McCalla, 25 Iowa, 464. In Minnesota, under a statute like that of New York, the court said in McCarthy v. Grace, 23 Minn. 185: "Whether a creditor can be affected by actual notice of the existence of a mortgage without the filing thereof is a question not raised, and therefore not considered, in this case." From what the same court said in a later case, (Dyer v. Thorsted, 35 Minn. 534, 29 N. W. Rep. 345,) we conclude that it would hold that the expression "in good faith" applied to creditors, as well as to subsequent purchasers and mortgagors.

Without pursuing the inquiry further, there seems to us to be reason for discriminating as to the effect of notice between a creditor of the mortgagor, who becomes such after the giving of the mortgage, and while it remains unfiled, and perhaps, too, an antecedent creditor and a subsequent purchaser or mortgagee. In the case of the former the credit is generally given to the mortgagor on the strength of no particular piece of property, while in the latter case particular property is offered as the basis of credit, and, if accepted with knowledge that it is subject to a prior mortgage, such subsequent purchaser or incum-

brancer is not wronged, for he knew what he was to get.   The
creditor, however, may, and presumably does, become such on
the strength of all the visible property of the mortgagor, and a
subsequent notice to him of a prior unrecorded mortgage upon
the very property perhaps which induced the credit would af-
ford him neither help nor protection.   It is probably true that
in a plain case like that the law would, without statutory sug-
gestion, postpone the claim of the mortgagee to that of the
creditor, upon equitable principles, and to prevent fraud; but
we think the statute was intended to announce, not a principle
for the decision of cases in equity, but a direct and simple rule
that all unfiled chattel mortgages should be void as against the
creditors of the mortgagor, and should be void as against such
subsequent purchasers and incumbrancers of the property as
became such in good faith for value.   While, ordinarily, little
importance can be attached to punctuation in the construction
of a law, it is noticeable that in this section, (4379,) there is a
comma after the expression "creditors of the mortgagor," but
none between "subsequent purchasers and incumbrancers of the
property" and "in good faith for value."   In other words, the
section, as punctuated, makes two distinct and separate classes,
to-wit, "creditors of the mortgagor" and "subsequent pur-
chasers and incumbrancers of the property in good faith for
value," and against both of these classes an unfiled chattel
mortgage is declared to be void.   It is unnecessary to discuss
or determine in this case whether the term "creditors" in said
section should be held to mean creditors generally, or only
those who became such after the execution of the mortgage.
It certainly includes the latter.   There is nothing in the ab-
stract showing when this creditor became such.   No point is
made by appellant that the evidence was insufficient to show
him a creditor, within the meaning of the statute, and so in po-
sition, in that respect, to claim protection against this unfiled
mortgage.   The judgment is presumed to be in all respects
right.   We could not, upon this record, assume that he was a

prior creditor, even if that would, without 'question, defeat his claim, for that would be to. presume against the correctness of the judgment, instead of in favor of it. The mortgage, then, being void as against this creditor, when he obtained his judgment, and levied his execution upon the property described in it, he acquired a lien upon and interest in the property superior to that of the mortgagee, and, as against him and those succeeding to his rights, the mortgagee was not entitled to the possession of the mortgaged property. The trial court so ruled, and the judgment is affirmed. All the judges concurring.