### FIRST NATIONAL BANK OF EL RENO v. F. M. SAYLER, *as Assignee.*

1. MORTGAGE—*Personal Property—Void When.* Under the laws of this Territory, providing that a mortgage of personal property is void as against creditors of a mortgagor unless the original or an authenticated copy thereof be filed by depositing the same in the office of register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated, if the mortgagor makes an assignment for the benefit of creditors prior to the filing provided for in the statute and before the mortgagee has taken possession of the property under his mortgage, the assignee will take the property exclusively for the benefit of the creditors and free from any preference in behalf of the mortgagee.

2. VOID—*Creditors—Assignee.* A mortgage void as to creditors, is void as against the assignee in trust for the benefit of creditors.

William H. Hightower was engaged in the mercantile business, and executed a mortgage including his entire stock of goods to the First National bank of El Reno upon the 27th day of October, 1893, which mortgage was withheld from record.

Afterward, and before the filing of the chattel mortgage and upon the 20th day of December, 1893, being insolvent, he made a general assignment of

all his property not exempt from sale upon execution to F. M. Sayler, for the benefit of creditors. The assignee duly qualified and, accepting the trust, sold the property so assigned. Thereupon the First National bank filed its claim with the assignee and asserted a preference for the payment of its whole claim against the proceeds of the sale, demanding that it be paid as a preferred claim. The claim was allowed by the assignee, but upon appeal to the district court it was ordered that the payment should be distributed in equal proportions with the other creditors.

The case is brought here by the plaintiff in error upon exceptions to this ruling. Affirmed.

*Baxter & Severy* and *Blake & Blake*, for plaintiff in error.

*R. B. Forrest*, for defendant in error.

The opinion of the court was delivered by

McAtee, J.: No question is raised as to the validity of the chattel mortgage between the parties thereto, and it is contended by the plaintiff in error that, inasmuch as the mortgage was good between the plaintiff in error and Hightower, and that the assignee took no higher rights nor better tittle than the assignor had at the time of the assignment, and succeeded only to the rights of the assignor, that it was valid and binding, notwithstanding the provision of the statute, that:

" A mortgage of personal property is void as against the creditors of the mortgagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated." (Statutes of Oklahoma, 1893, § 3270.)

It is further contended in behalf of the plaintiff in error that, inasmuch as the execution of the chattel mortgage was valid as between Hightower and the assignee, and inasmuch as the estate of the assignee was assigned with that existing right in behalf of the plaintiff in error, that it cannot be impeached, attacked or set aside in behalf of a creditor who may have a lien by attachment or execution prior to the filing of the unrecorded mortgage and prior to the assignment.

If this position is correct, then the mortgage to Hightower, reserved from record, and under the statute "void as against creditors of the mortgagor" would amount to a preference, for, up to the time of the assignment the mortgage was, as against creditors of the mortgagor, void, and in order to support the preference it must be held that the making of the assignment did, itself, have some virtue, by which the pre-existing unrecorded mortgage, up to that time of no validity or effect as against the creditors of the mortgagor, shou'd then become, by virtue of the act of assignment, valid and a preferred lien upon the property assigned, and good as against the creditors of a mortgagor. For the assignee is no more than a trustee, without other interest in the property assigned than that it shall be converted and distributed among the creditors in accordance with the provisions of the statute, and according to their priority, as then established, at the very time of the making of the assignment.

But it is provided in the Assignment Act of this Territory, that :

" Such assignment shall not be valid if it be upon, or contain any trust or condition by which any creditor is to receive a preference or priority over any other creditor," etc.   (Statutes of Oklahoma, 1893, § 295.)

The plaintiff in error may, at any time prior to the making of the assignment, have taken possession under its mortgage, and have secured itself in a preference thereunder, against the general creditors. But instead of taking this course, it saw fit to retain its mortgage from the record and keep it secret. notwithstanding the declaration of the statute that such withholding and secrecy would make the instrument entirely void as to other creditors. The assignee represents the other creditors and speaks, not for himself, but for them, in this litigation. Their interests and legal rights are here represented by him, and the mortgagee, plaintiff in error, is not entitled to the preference which it seeks. (*Hanes v. Tiffany*, 25 Ohio St, 549 ; *Putnam v. Reynolds*, 44 Mich. 113 ; *Kimball v. Kirby*, [S. D,] 55 N. W. Rep. 1110 ; *Lindeman v. Ingham*, 36 Ohio St. 1.)

It has even been held under a like statute in Nebraska, Maxwell, chief justice, pronouncing the opinion of the court, in a case in which personal property was mortgaged, and the mortgagor died before the mortgage was recorded, that the executor took the estate as trustee for the creditors; was in that capacity bound to protect their interests, and that he could not claim the property as mortgagee, which was at the time of the decease of the mortgagor, void as to creditors, the estate being insolvent.

The court ruled correctly in the matter, and its ruling is affirmed.

All the Justices concuring.