W. D. Cornelius v. Frank L. Boling, *Trustee of the Estate of* Horace Humphreys, *Bankrupt,* Ed Morrissey, A. J. Seay, and The Kingfisher Hotel Company

(Filed February 14, 1907.)

1. CHATTEL MORTGAGE—Void as to Creditors, When. An unfiled chattel mortgage is void as to creditors, even if the mortgagee is in possession of the property where proceedings in bankruptcy have been commenced prior to the sale of the property to satisfy such mortgage.

2. SAME—Claimant Under—Trustee in Bankruptcy—Rights. A claimant to the property of a bankrupt by force of an unrecorded chattel moregage cannot, by reason of having taken possession of such property within four months next preceding the commencement of bankruptcy proceedings, hold possession of the same as against the rights of the trustee in bankruptcy.

3. BANKRUPTCY—Right of Trustee to Sue. A trustee in bankruptcy has a right under the bankrupt law to sue for and recover

any interest in the bankrupt's estate as it existed at the time of filing the petition in bankruptcy.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before*
*C. F. Irwin, Trial Judge.*

*W. A. McCartney* and *P. S. Nagle,* for plaintiff in error.

*Matthew J. Kane* and *A. J. Seay,* for defendants in error.

### STATEMENT OF FACTS.

On the 27th day of June, 1900, plaintiff in error entered into a contract with the bankrupt, for the lease of the Kingfisher Hotel building, at a stipulated rental per month. This lease contained a chattel mortgage clause to secure the hotel owners against any loss for rent due. Mr. Nagle, attorney for plaintiff in error, had this contract of lease placed in the miscellaneous record in the office of the register of deeds but did not have it indexed with the chattel mortgages until sometime later, and at that time he only told the register of deeds that he wanted that instrument indexed as of the date of filing the other, but there never was left in the office the original or certified copy of the instrument.

That under this contract the bankrupt took possession of the hotel, furnished it, and conducted a hotel business until a short time before the 15th day of April, 1902. On that date some of his creditors attached the property belonging to the bankrupt, closed up the hotel and removed some of the property, the rest of the property, the property

in dispute in this case, being left in the care of no particular person. That on the same date the plaintiff in error seized all the property of the bankrupt left there and remained in possession thereof until and including the 5th day of May, 1902. That during this time he had the property invoiced, and the value thereof was found to be $1621.65, but it was stipulated between the parties that a certain piano of the value of $200.00, seized at the time should not be considered if the court found against the plaintiff in error. That the plaintiff in error advertised said property for sale and on the 5th day of May, 1902, did sell at public auction, bidding the same in at $700.00 himself. That on the 5th day of May, 1902. before the sale of said property the bankrupt filed his petition in bankruptcy, and the counsel for the bankrupt, before the sale of the property, served a written notice on the plaintiff in error's attorney of the filing of the voluntary petition in bankruptcy of Mr. Humphrey. That the plaintiff in error disregarded this notice and filing of the petition in bankruptcy and proceeded with the sale.

That on the 17th of May, 1902, the defendant in error, Frank L. Boling, was duly appointed and duly qualified as trustee in bankruptcy of the estate of said bankrupt. That after he was duly appointed and qualified he was instructed to make a demand upon the plaintiff in error and did make a demand on him for the return of the property as part of the estate of the bankrupt to be distributed among the creditors. The said plaintiff in error refused to turn said property over and that the said Boling was instructed to bring suit against him for the property or its value.

Opinion of the court by

GILLETTE, J.: In the consideration of this case as the same arises upon the facts above stated two questions are presented for determination: First, the force and effect of a chattel mortgage executed and delivered in good faith and for a sufficient consideration, which has not been filed with the register of deeds in the county where the property is located as required by the statute; and, second, its force and effect after a foreclosure of the same, by the property mortgaged having been taken possesion of by the mortgagee, as against the rights of the trustee in bankruptcy in a proceeding commenced prior to a sale of the mortgaged property by virtue of the mortgage foreclosure.

Touching the first of the above stated questions, it will be observed that the statute of Oklahoma, sec. 3578, Wil. Ann. Stat. provides:

"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers and incumbrancers of the property in good faith, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated."

It will be observed that the provisions of this statute are at material variance with the provisions of the statutes of many other states, the decisions of which have been cited in support of the contentions of the plaintiff in error. We quote from the state of Kansas as an illustration, which provides as follows:

"Every mortgage, or conveyance intended to operate

as a mortgage of personal property, which shall not be accompanied by an immediate delivery and be followed by an actual or continual change of possession of the thing mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited in the office of the register of deeds in the county where the property shall then be situated."

Under the Kansas statute and statutes of like import, the courts have held that if a mortgagee takes possession of the mortgaged chattel before any other right or lien attaches, his title under the mortgage is good as against everybody, if valid between the parties. Such conclusions are reached because of the peculiar provisions of the statute that the mortgage is void which shall not be accompanied by an immediate delivery and be followed by an actual or continual change of possession of the things mortgaged. Under such decisions and such statutory provisions, the rights of the mortgagee in possession of the mortgaged property are fully recognized and upheld. But such conclusions cannot be reached in considering the rights of the parties, under the provisions of the Oklahoma statute quoted above, for the reason that the statute does not recognize the right of the mortgagee in possession of the mortgaged property. Such statute makes a mortgage void unless the original or an authenticated copy thereof be filed by depositing the same in the office of the register of deeds.

That the mortgage under consideration in this case or a copy thereof was not filed with the register of deeds is a conceded fact, and giving force and effect to the provisions

of the statute it was, for such reason, void as against the creditors of the mortgagor. *Humphrey-Greenville National Bank v. Evans-Snyder-Buell Co., et al.,* 9th. Okla. 353.

Upon the second proposition presented for determination in this case it will be remembered that the plaintiff in error, as mortgagee, took possession of the mortgaged property April 15th, 1902, and advertised the same for sale on May 5th following. That on that day, prior, however, to the hour of sale the mortgagor Humphrey filed his voluntary petition in bankruptcy and caused notice to be served upon counsel for plaintiff in error who were conducting such sale. The filing of such petition and notice of such fact was ignored and the property was publicly sold to the plaintiff in error. On the 17th of May the defendant in error, Boling, was appointed the trustee in bankruptcy of the estate of Humphrey, the mortgagor, and thereafter made demand of the plaintiff in error for the possession of the mortgaged property purchased by him at such mortgage sale, which demand being refused this action was brought to recover the value thereof, which resulted in a judgment for the plaintiff for the sum of $1421.65 with interest at seven per cent. per annum from the 25th of April, 1902. The mortgage being void as to creditors, as we have already concluded, could not be revived as to them by taking possession under it, and if it might be, probably its force and effect would be avoided by reason of the provisions of the bankrupt act of 1898, as such right would be a preference acquired less than four months before the commencement of the bankruptcy proceeding. It is urged, however, that the trustee in bankruptcy was not appointed until the 17th of May, twelve days after the filing

of the petition in voluntary bankruptcy, and that by reason of subsequent appointment he acquired no rights or title in the mortgaged property sold.

This position is not tenable, under the provisions of subdivision of sec. 67 of the bankruptcy act of 1898, because such statute provides that a preference right acquired within four months of the commencement of bankruptcy proceedings, is void, and the right of the plaintiff in error in so far as he claimed to hold because of his possession under the mortgage was acquired in less than four months immediately preceding the commencement of the bankruptcy proceedings.

This provision of the bankruptcy act, however, has 'a broader significance in the consideration of this case, for it is here recognized that the rights of the parties are to be measured from the date of the commencement of bankruptcy proceedings, and we are of the opinion that such proceedings are commenced by the filing of the petition in bankruptcy, and when such petition is filed all creditors and claimants against the estate must stop then and there and thereafter measure their rights as the same are affected by the bankruptcy act. In voluntary bankruptcy, if the petitioner does not secure an adjudication and ultimate discharge the parties may proceed according to their respective priorities at the time of filing the petition, but if he does succeed it is immaterial when the trustee was appointed, for his right to the estate dates from the date of filing the petition and not from the date of his appointment as trustee. In this case the petition was filed before the sale of the property and the appointment of the defendant in error twelve days

afterwards gave him the right to demand and receive possession of the bankrupts estate as it existed at the time of filing the petition, and he had a right to sue for and recover such estate as then existed. Any other rule would work incalculable mischief in the administration of bankruptcy law, for it often happens that a trustee is not and cannot be appointed at the time the petition in bankruptcy is filed. In reaching this conclusion we are not without authority in support of it.

The supreme court in *Bank v. Sherman,* 101 U. S. 403, in an opinion by Mr. Justice Swayn said, touching the filing of a petition in bankruptcy:

"The filing of a petition was a *caveat* to all the world. It was in effect an attachment and adjdication.     Thereafter all the property rights of the debtor were, *ipso facto* in abeyance until the final adjudication. If that were in his favor they revived and were again in full force. If it were against him, they were extinguished as to him and vested in the assignee for the purposes of the trust with which he was charged. Those who dealt with this property in the interval between the filing of the petition and the final adjudication did so at their peril. With the intermediate steps they had nothing to do. The time of filing the petition and the final results alone concerned them."

This declaration of the supreme court has been reaffirmed in *Muller v. Negent,* 184 U. S. 1, Where it is said:

"It is true of the present law as it was of that of 1867, that the filing of the petition is the *caveat* to all the world and in effect an attachment and injunction."

From this it appears that the bankruptcy court from the time Humphrey filed his petition in bankruptcy had juris-

diction of his property rights, and the trustee, when appointed had a possessory right in the estate as it stood at the time of filing the petition in bankuptcy, and the power, under the authority of the court, to sue and recover all or any part thereof. The plaintiff in error, as we have seen, was holding the property in question under a mortgage that was void as to creditors under the provisions of the Oklahoma statute.   His taking possession of the property under the mortgage gave him no right as against the creditors, in view of the fact that bankruptcy proceedings were commenced in less than four months time after he took possession, and the trustee in bankruptcy appointed subsequent to the sale of the mortgaged property having the right to recover as of the date of filing the petition in bankruptcy, and having recovered in the court below, the judgment of the trial court is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices, concurring.