In re JOHNSON.

(District Court, E. D. Oklahoma. January, 1914.)

1. SALES (§ 474*)—CONDITIONAL SALES—EFFECT OF CONDITION AS TO BUYER'S CREDITORS.

Under Comp. Laws Okl. 1909, § 7911, providing that instruments evidencing conditional sales shall be void as against the creditors of the vendee unless filed in the office of the register of deeds, a conditional sale

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is void as against creditors who extended credit to the buyer between the time of the sale and the time the conditional agreement was filed.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1391-1402; Dec. Dig. § 474.*]

2. BANKRUPTCY (§ 184*)—LIENS—UNFILED CONDITIONAL SALE.

Under Bankr. Act July 1, 1898, c. 541, § 67a, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449) providing that claims which, for want of record would not have been valid liens against the creditors of the bankrupt should not be liens against his estate, and Bankr. Act, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended in 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1501]), providing that the trustee, as to all property in the custody of the bankruptcy court, should be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, a trustee in bankruptcy, representing creditors against whom a conditional sale was void because it was not filed until after they had extended credit, was entitled to the possession of the property as against the seller.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275-277; Dec. Dig. § 184.*]

3. BANKRUPTCY (§ 184*)—LIENS—LIEN VALID AGAINST PART OF THE CREDITORS.

The fact that the sale was void as to only a portion of the creditors represented by the trustee did not affect his right to the possession of the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275-277; Dec. Dig. § 184.*]

In Bankruptcy. Proceedings against Wesley Johnson, in which the Rock Island Implement Company asserted title to certain property in the hands of the trustee. From an order of the referee denying the right to reclaim the property, the Implement Company appeals. Order confirmed.

Shartel, Keaton & Wells, of Oklahoma City, Okl., for petitioner.
Leopold & Cochran, of Muskogee, Okl., for trustee.

CAMPBELL, District Judge. This appeal brings up for review a decree entered in the above-styled bankruptcy proceeding.

The matter under dispute is the validity under section 7911, Statutes of Okl. 1909, of an unrecorded conditional sale contract as against creditors who became such after the contract was executed prior to its being recorded, and without knowledge of it, where none of them had, prior to the adjudication in bankruptcy, secured a lien upon the property covered by the conditional sale contract, either by execution, attachment, or otherwise, prior to the recording of said conditional sale contract, and where the property subsequently came into the hands of the trustee in bankruptcy.

The Rock Island Implement Company, the conditional vendor, asserted title under its contract and sought to reclaim the property, or its proceeds, from the trustee in bankruptcy. The petition of the implement company was denied by the referee; he being of the opinion that the conditional sale contract was invalid as against the subsequent

creditors without notice, who had presumably extended credit to the bankrupt upon the faith that his property was unencumbered.

The Rock Island Implement Company prosecutes the present review.

Section 67a of the Bankruptcy Act declares:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

And the applicable provision of the recording law of Oklahoma (section 7911, Statutes 1909) is as follows:

"Instruments evidencing conditional sale must be recorded. * * * That any and all instruments in writing, or promissory notes now in existence or hereafter executed, evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept, and when so deposited shall be subject to the law applicable to the filing of chattel mortgages; and any conditional, verbal sale of personal property reserving to the vendor any title in the property sold shall be void as to creditors and innocent purchasers for value."

A similar provision as to the effect of unfiled chattel mortgages against creditors is found in section 4422, Statutes 1909.

[1, 2] It is apparent that the effect to be given to the unrecorded conditional sale contract must be determined by the recording law of the state; and it is also apparent that the question arising under that law turns upon who are included in the term "creditors" in section 7911.

Upon that question the decisions of the several state courts have not been uniform. Although recording statutes usually provide that an unrecorded mortgage, or conditional sale contract, is void as to creditors, the prevailing doctrine seems to make such instruments void only as against those creditors who obtain a lien on the mortgaged property by attachment or levy of execution before the instrument is filed for record; that this rule only applies to creditors who became such before the mortgage was executed. See 6 Cyc. 1070. Where credit was extended to the mortgagor during the time that the mortgage was withheld for record, it has been held that the mortgage is void alike as to creditors with or without liens.

In some of the states, however, creditors who have extended credit to the mortgagee subsequent to the execution of the mortgage are required to obtain a judgment before attacking the unrecorded mortgage. This is generally held to be necessary: First, to definitely establish the legal demand; second, to extinguish the legal remedy. Such was the holding in the case of Union National Bank v. Oium, 3 N. D. 193, 54 N. W. 1034, 44 Am. St. Rep. 533, wherein the court in construing the identical statute which we have in Oklahoma held that the same rendered unfiled chattel mortgages void as to creditors: First, who had extended credit and fastened upon the property covered by the mortgage, either by attachment or levy, prior to the filing of the same;

second, void as to creditors who had, subsequent to the execution of the mortgage, extended credit to the mortgagor and had, subsequent to the filing of the mortgage, obtained a judgment. To the same effect, see Ruggles v. Cannedy, 127 Cal. 290, 53 Pac. 911, 59 Pac. 827, 46 L. R. A. 371; Noyes v. Brace, 8 S. D. 190, 65 N. W. 1071.

The exact point we are here discussing has not been passed upon, to our knowledge, by the Supreme Court of Oklahoma. However, the Supreme Court of Oklahoma in the case of Campbell, Hunt & Adams v. Richardson & Eicholtz, 6 Okl. 375, 51 Pac. 659, held that the Oklahoma statute should receive the same construction as that given to it by the Supreme Court of South Dakota, and held in that case that the word "creditor" as used in the statute applied alike to that class of creditors whose claims are antecedent to the execution of the mortgage and those who extended the mortgagor credit subsequent thereto. The statute of North Dakota is identical with that of South Dakota.

In the case of Cornelius v. Boling et al., 18 Okl. 469, 90 Pac. 874, the Supreme Court of Oklahoma territory held that an unfiled chattel mortgage, even though the mortgagee had taken possession of the property covered thereby prior to bankruptcy, was invalid against the mortgagor's trustee in bankruptcy. This case was cited and commented upon by us in an opinion in Re Wall (D. C. Okla.) 29 Am. Bankr. Rep. 901, 207 Fed. 994, a case arising prior to the amendment of 1910 to section 47a(2) of the Bankruptcy Act.

In the case of First National Bank v. Sayler, 4 Okl. 408, 50 Pac. 76, the court held a chattel mortgage void as to creditors for want of record to be void as against the assignee in trust for the benefit of creditors.

In Re Wall, supra, this court held that the Oklahoma Supreme Court, in holding that an adjudication in bankruptcy amounted to an attachment, had overlooked the qualification which the Supreme Court of the United States had placed on this doctrine in the case of York v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, 15 Am. Bankr. Rep. 633, and we there held that the term "creditor" in the statute above quoted meant a creditor who has perfected a lien by legal process upon the specific property.

Section 47a(2) of the Bankruptcy Act, as amended, provides that the trustee, as to all the property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. Such is the standing of the trustee in this case.

The question to be answered, therefore, is whether or not, in order to render the conditional contract of sale void as against the creditors here represented by the trustee, it was necessary for them to have fastened upon the property by attachment, levy, or otherwise prior to the filing of the conditional sale contract.

The holding in the case of Cornelius v. Boling, supra, if it had been based upon a correct understanding of the effect of an adjudication in bankruptcy, would be authoritative of this proposition. In our opinion, it correctly interprets the law as it now stands.

Chief Justice Corliss, in the case of Union National Bank v. Oium, supra, in construing the Dakota Territory statute, said:

"It is important that there should be kept in mind a distinction between the right of a general creditor to insist that an unfiled chattel mortgage is void and the ability to enforce this right. While an unfiled chattel mortgage may be void as to a general creditor, he cannot avail himself of the statute until he has armed himself with attachment or execution and levied on the property, or has in some other way secured a lien thereon. Before he has seized the property covered by the chattel mortgage, or secured some lien thereon, he is in no position to raise the question that the mortgage is void as to him. * * * The statute does not, however, require that he should be armed with process or have a lien on the property to entitle him to come within the category of 'creditors,' as to whom the unfiled instrument is a nullity. The mortgage is not void as to creditors who have seized the property, or who hold process under which they can seize it. This is not the language of the statute. The mortgage is void as to creditors, and nothing is said in the statute about the necessity of a creditor's having secured a lien on the mortgage property. The fact that the creditor cannot assail the mortgage until he has seized the property is of no moment in determining whether he belongs to the class of persons as to whom the mortgage is void. Whether he belongs to that class is one question; whether he is in a position to derive benefit from belonging to that class is another, and entirely different, question. The two inquiries are distinct, and each is independent of the other. When he arms himself with process, and seizes the mortgaged property, the court will then inquire whether he is a 'creditor,' within the meaning of the statute which declares void the mortgage as against 'creditors.' The facts which determine this point are independent of the fact of seizure, and can derive no aid therefrom. The inquiry is whether he is a 'creditor' within the spirit of the law, and not whether he is a creditor with process which he has levied on the property covered by the mortgage. If it were necessary that he should have seized the property before he can be regarded as a creditor within the statute, great wrong could be done the public by the withholding of a chattel mortgage from record, from which those wronged would have no redress. After a chattel mortgage had been given, and while it was withheld from record, a loan might be made to the mortgagor, or credit might be extended to him on the sale of property, the creditor relying upon the apparent freedom of the debtor's property from liens. All the harm that could be done the creditor has now been consummated. The subsequent filing of the chattel mortgage cannot undo it. It would be a gross perversion of the statute requiring chattel mortgages to be filed to assert that the right of this creditor successfully to attack the unfiled mortgage depends on his seizing the property under process before the mortgage is filed; that until then he cannot be considered a creditor as to whom the mortgage is void. It is true that he must seize the property before he can raise the point, but he need not seize it before the instrument is filed. Whenever he does seize it, whether before or after the filing of the mortgage, he is then in a position to urge that he was before the mortgage was filed a 'creditor,' within the meaning of the statute."

The question we are considering is not one of substantive right, but of procedure.

In the Matter of Gerstman & Bandman (C. C. A. 2d Cir.) 19 Am. Bankr. Rep. 145, 157 Fed. 549, 85 C. C. A. 211, Ward, Circuit Judge, said:

"This court in Re New York Economical Printing Co. (C. C. A. 2d Cir.) 6 Am. Bankr. Rep. 615, 110 Fed. 514, 517 [49 C. C. A. 133], held that a nonfiled mortgage was void only as to creditors who by judgment or attachment or otherwise had seized or were in a position to seize the mortgaged property. Since that decision, however, the Court of Appeals of the State of New York has held that a nonfiled mortgage is void as to general creditors al-

though it cannot be attacked until they are in a position to seize the mortgaged property by virtue of a judgment, attachment or otherwise. This, however, is a mere matter of procedure, and the mortgage is none the less void as to them."

See, also, Simmons v. Greer (C. C. A. 4th Cir.) 23 Am. Bankr. Rep. 443, 174 Fed. 654, 98 C. C. A. 408; Smith v. Mishawaka Woolen Mfg. Co. (C. C. A. 7th Cir.) 22 Am. Bankr. Rep. 616, 172 Fed. 98, 96 C. C. A. 412; Re Mission Fixture & Mantle Co. (D. C. Wash.) 24 Am. Bankr. Rep. 873, 180 Fed. 263; Matter of Watts-Woodward Press, Inc. (C. C. A. 2d Cir.) 24 Am. Bankr. Rep. 684, 181 Fed. 71, 104 C. C. A. 105.

In the case of In re Martin (In re Bothe) 23 Am. Bankr. Rep. 151, 173 Fed. 597, 97 C. C. A. 547, Judge Adams of the United States Circuit Court of Appeals for the Eighth Circuit, in reviewing a decree of the District Court of the United States for the Eastern District of Missouri, said:

"Detached expressions are found in Harrison & Calhoun v. South Carthage Min. Co. [95 Mo. App. 80, 68 S. W. 963], and Landis v. McDonald, supra [88 Mo. App. 335], to the effect that, if 'a prior creditor' fails to obtain some specific lien by attachment, execution, or otherwise on the mortgaged property before the mortgage is actually recorded, the mortgage is by the act of recording validated as to such creditor, and his right is subordinated to the rights of the mortgagee; and counsel for the mortgagee seize on expressions of this kind and claim that, because the special creditors in this case failed to take steps to fix a lien upon the mortgaged property before the mortgage was recorded, their rights were lost. We cannot give our assent to this claim. Until the mortgage was recorded it was absolutely void as to these special creditors. Their superior rights arose against the property of their debtor while the mortgage was thus void, and to hold that such rights were lost before they had an opportunity to assert them, before they even knew of the existence of the mortgage, is a palpable absurdity. We find nothing in the cases referred to to justify any such contention. The words 'prior creditors,' there referred to, clearly relate to creditors whose claims antedated the execution of the mortgage. This is apparent, not only from the opinions taken as a whole, but from other cases there cited and relied on. Such creditors, who parted with nothing on the faith of their debtor's ostensible ownership of unincumbered property, are required to take some step to fix a lien upon the mortgaged property prior to the recording of the mortgage in order to secure an equitable standing. Until then they have no equitable right or claim enforceable in a court of equity. On the contrary, creditors who extend credit to the mortgagor after the execution of the mortgage and before it is recorded have, as already seen, a clear equitable right, inhering in the transaction itself, superior to the mortgagee, and this right entitles them to relief without the necessity of fixing a lien as a prerequisite. This distinction, we think, is clearly recognized in the Missouri cases relied upon by counsel, and was distinctly recognized and applied by us in First Nat. Bank of Buchanan County v. Connett [142 Fed. 33, 73 C. C. A. 219, 5 L. R. A. (N. S.) 148] where we said: 'Such a mortgage is also utterly void as to simple contract creditors who extended credit after it was given, and who have secured no title or lien by purchase, execution, attachment, or otherwise. As to them the subsequent recording of the instrument is of no effect. It cannot be asserted against the enforcement of their demands.'"

The Eighth Circuit Court of Appeals also passed on this question in the case of Post v. Berry, 23 Am. Bankr. Rep. 699, 175 Fed. 564, 99 C. C. A. 186, being an appeal from the United States Court for the Southern District of Iowa. In this case the court says:

"Henry Heartfield was in the general mercantile business at Moulton, Appanoose county, Iowa, having a general merchandise stock of $5,000 in 1905, which was subsequently increased by purchases to about $13,000. In March, 1908, he made an assignment under the State law for the benefit of his creditors. In April, 1908, he was duly adjudicated a bankrupt. In November, 1905, he borrowed of W. F. Berry the sum of $2,200. and secured the same by a chattel mortgage upon his stock of general merchandise and in January, 1906, he borrowed of Berry an additional sum of $536, which was secured by a second mortgage upon his stock of merchandise. Neither of the mortgages were recorded until February 28, 1908. All the creditors of the bankrupt extended their credit subsequently to the date of the giving of the mortgages and prior to their having been filed for record. Two questions are presented at this hearing for consideration: First. Are the mortgages void as against the creditors? Second. If such mortgages are void, is the defendant Berry entitled to prove his claim for the moneys thus loaned and share in the assets of the bankrupt estate with the other creditors?

"The first question was fully discussed and decided by this court in Re George Bothe (C. C. A. 8th Cir.) 23 Am. Bankr. Rep. 151, 173 Fed. 597 [97 C. C. A. 547]. That case controls and rules this. Any and all creditors of the bankrupt who extend credit to him between the dates of the giving of the mortgages and their filing for record have an equity superior to the mortgagee whose conduct invited them to trust the mortgagor. All persons so extending credit between these dates will be presumed to have done so on the faith of an unincumbered title as disclosed by the record."

Taking into consideration the object of the Oklahoma statute, the rule that such statutes are to be construed liberally, with a view of obtaining their object, in view of the holding of the court in the case of Cornelius v. Boling, the holding of the Supreme Court of North Dakota, the holdings by the Eighth Circuit Court of Appeals, and the declaration in Cyc., we conclude that an unfiled conditional sale contract is, since the amendment to section 47a(2) of the act, absolutely void as against a trustee in bankruptcy representing creditors who have, subsequent to the execution of the contract and prior to its filing, extended credit to the bankrupt.

[3] That only a portion of the creditors represented by the trustee extended credit subsequent to execution and prior to filing of the contracts involved does not affect the trustee's right as against petitioner. In re Farmers' Co-operative Co. (U. S. D. C. N. D.) 202 Fed. 1008.

The order of the referee in this case will be confirmed. It is unnecessary to pass upon the other phases of the case considered by the referee.