## C. D. WITHROW, *as Assignee, etc.*, v. THE CITIZENS BANK OF KANSAS CITY.

UNRECORDED CHATTEL MORTGAGE, *When Void.* An unrecorded chattel mortgage executed by an insolvent debtor is void as against the claim of an assignee for the benefit of creditors who obtains possession under the assignment of the mortgaged property prior to the recording of the mortgage, following *Chapin v. Jenkins*, 50 Kas. 385.

*Error from Wyandotte District Court.*

ACTION by the *Bank* against *Withrow*, as assignee, and others.    From the judgment rendered, the defendant assignee brings error.    The opinion states the facts.

*Getty & Hutchings,* for plaintiff in error.

The opinion of the court was delivered by

ALLEN, J. :  So much of the facts as are necessary to an understanding of the point decided by this court are as follows :  On the 11th day of December, 1889, John Beaton, one of the defendants, executed a chattel mortgage to the Citizens Bank of Kansas City, Kas., on a stock of merchandise in Kansas City, Kas., to secure the payment of $4,200 and interest.    This mortgage was not recorded until December 16.    On the 14th of the same month, after the execution but prior to the recording of the chattel mortgage, Beaton made a general assignment for the benefit of all his creditors to the plaintiff in error, who took immediate possession of the property.

The only question we deem it necessary to consider is whether the assignee can take advantage of the failure of the bank to record its mortgage.    The district court held that it could not.    There are authorities which sustain its decision.    In the case of *Chapin v. Jenkins,* 50 Kas. 385, decided since the case before us was tried in the district court, it was held that an assignee, as the representative of all the creditors, could attack a chattel mortgage on the ground that it was fraudulently executed by his assignor.    It was held in that case that the assignee of an insolvent debtor is not merely the representative of the debtor, but is a trustee acting on behalf of the creditors.

By § 9 of chapter 68 of the General Statutes of 1889 it is provided :

"Every mortgage, or conveyance intended to operate as a mortgage of personal property, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited in the office of the register of deeds, in the county where the property shall then be situated ; or, if the mortgagor be a resident of this state, then of the county of which he shall at the time be a resident."

By the deed of assignment, the title to the debtor's property vested in the assignee for the benefit of all his creditors in proportion to the amount of their respective claims. The rights of the creditors to a *pro rata* distribution of the debtor's estate attached when the assignment was made and the property delivered to the assignee. The statute declares the unrecorded mortgage void as against the creditors. It is therefore void as against an assignee who is the representative of all of them. (*Brigham v. Jones*, 48 Kas. 162 ; *Chapin v. Jenkins*, supra.)

The judgment is reversed for further proceedings, in accordance with the views above expressed.

All the Justices concurring.