### ELLIS et al. v. SIMMONS et al.

(Circuit Court of Appeals, Fifth Circuit. February 23, 1926.)

No. 4631.

**1. Principal and agent ☞173(2)—Evidence respecting ratification of contract to drill oil well held admissible.**

In action on bond given to guarantee performance of contract to drill oil well, evidence that attorney in fact for drilling parties signed contract for them, that they had not objected when notified of its terms, and that one of drilling parties had signed bond for himself and partner, *held* admissible.

**2. Principal and agent ☞174.**

Whether contract to drill oil well had been ratified *held* for jury.

**3. Principal and agent ☞164(1).**

Unauthorized acts of agent may be ratified.

**4. Principal and agent ☞169(1), 170(3).**

Ratification of unauthorized acts of agent may be presumed from acts of principal, or his failure to timely object.

**5. Guaranty ☞36(1).**

In Oklahoma, where obligation is executed in definite sum to guarantee performance of contract, damages for breach of contract are restricted to those actually suffered, when ascertainable with reasonable certainty.

**6. Damages ☞79(1)—Defendants held liable for full amount of bond given to guarantee performance of contract to drill oil well as liquidated damages, actual damages being unascertainable.**

Under contract for drilling oil well, requiring defendants to execute a bond for $7,500 on condition that well should be drilled to 2,000 feet unless oil and gas should be discovered in paying quantities at a lesser depth, plaintiffs *held* entitled to recover full amount of bond as liquidated damages, where defendants abandoned the work at depth of 600 feet; actual damages not being ascertainable.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by N. H. Simmons and others against J. T. Ellis and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Lyle Saxon, of Dallas, Tex., for plaintiffs in error.

S. P. Sadler, of Dallas, Tex. (Don Welch, of Madill, Okl., and Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was a suit brought by defendant in error on a bond, as hereafter related. It appears that defendants in error, to wit, John Simmons, N. H. Simmons, Matilda E. Simmons, and Nathaniel Rodden Simmons, were the owners of certain real property in Marshall county, Okl., situated within six miles of proven oil and gas fields. Plaintiffs in error J. T. Ellis and Wood R. Alexander entered into a contract with them, whereby they agreed to prospect for oil and gas on the said land and to drill a well. In consideration of this contract leases were executed and placed in escrow. The provision of the contract was that plaintiffs in error should execute a bond in the sum of $7,500, the condition of which was that the well would be drilled to a depth of 2,000 feet, unless oil and gas should be discovered in paying quantities at a lesser depth. The bond was executed, with Ellis and Alexander as principals, and the other plaintiffs in error, W. D. Bell, Otto R. Winters, and Hal P. Bradley, as sureties, and thereupon the leases were delivered. The parties will hereafter be referred to as they appeared in the District Court.

The well was started, and was drilled to a depth of 600 feet. No gas or oil was discovered up to that time, and further drilling was abandoned by the defendants. The contract contemplating the drilling of the well was signed by N. H. Simmons for plaintiffs. He was the husband of one of the plaintiffs and father of the others, and the guardian of those who were minors at that time. It was signed on behalf of the defendants by Howard H. Daley as attorney in fact. The bond ran to N. H. Simmons, and was signed for Ellis by Wood R. Alexander, who also signed it for himself, and was signed by Bradley, Bell, and Winter as sureties. Judgment was rendered against all the defendants for the full amount of the bond.

There are 21 errors assigned. The first 5 run to the overruling of demurrers and exceptions to the plaintiff's pleadings. They are clearly without merit.

In the course of the trial, Daley testified he had talked with Ellis and Alexander, and they had agreed that they would try to make the contract; that he had signed the defendants' names to the contract, and afterwards advised them of it, and they made no objection that he had exceeded his authority. Alexander testified that Ellis was his partner, and that he had signed the bond for him. Simmons testified that he had signed for his wife and children. Various technical objections were made to the introduction of the contract and bond. A motion was made to strike out the testimony of Alexander, to the effect that Ellis was his partner, and motions were made for directed verdicts in favor of defendants. The objections were overruled, and the motions denied. The assignments from 6 to 13, inclusive, run to the actions of the court as above indicated.

[1, 2] There was testimony tending to show that Ellis and Alexander took an active part in the negotiations leading up to the making of the contract, that after it was signed they were made acquainted with its terms, that they never made any objections, and that when the well was spudded in they were present and took an active part in superintending the work being done. Conceding that there was some irregularity in the execution of the contract, nevertheless there was sufficient evidence before the jury from which it might have been presumed that the contract had been ratified by all parties.

[3, 4] It is elementary that the acts of an agent, even though unauthorized, may be subsequently ratified by the principal, and ratification may be presumed from the acts of the principal and from his failure to timely object after he has notice of the contract. There are innumerable cases so holding. See Pittsburgh, Cincinnati & St. Louis R. R. Co. v. Keokuk & Hamilton Bridge Co., 9 S. Ct. 770, 131 U. S. 371, 33 L. Ed. 157. It was not error to admit the evidence above referred to, nor to refuse to direct a verdict in favor of defendants.

The sixteenth, seventeenth, and eighteenth assignments of error run to portions of the charge of the court dealing with the effect of the evidence above referred to. The court fully and fairly charged the jury as to the law applicable to the evidence adduced in the case. We find no error in the portions of the charge complained of.

[5, 6] A more serious question is presented by objections to the entry of judgment for the full sum of the bond. The remaining assignments run to this. It is contended on behalf of defendants that plaintiffs could recover only actual damages, and that, as none had been shown, there could be no recovery in this case. For this they rely on various

provisions of the Oklahoma statutes, which we deem it unnecessary to quote.

There is no doubt that the laws of Oklahoma announce the general rule that, where an obligation is executed in a definite sum to guarantee the faithful performance of a contract, damages for a breach of the contract are restricted to those actually suffered, when it is practicable to establish them with reasonable certainty. Such is not the case here. There was no way of ascertaining actual damages, except by continuing the drilling of the well until oil or gas was discovered, or the prescribed depth of 2,000 feet had been reached. Had plaintiffs adopted this method, and drilled the well to the required depth, there could be no doubt that the expense would have greatly exceeded the amount stipulated in the bond. As the well had been abandoned by defendants, who were experienced oil and gas men, it was reasonable for the plaintiffs to presume that further drilling would be useless.

We think the provision of the bond, construed in connection with the leases and contract to drill, should be held to provide for liquidated damages to be recovered on a breach of the contract, and this we consider to be the interpretation of the laws of Oklahoma by her Supreme Court, when considering contracts such as this. See Langford v. Oklahoma State Bank, 234 P. 744, 109 Okl. 82. There are other Oklahoma cases to the same effect.

We find no error in the record.

Affirmed.