## LYDEN v. ATLANTA TRUST CO. et al.

### No. 6315.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1931.

Clifford L. Anderson and Jerome Jones, Jr., both of Atlanta, Ga., for appellant.

E. W. Moise and E. Clem Powers, both of Atlanta, Ga., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The allegations of appellant's petition showed the following: In March, 1927, appellant owned eleven interest bearing bonds in the sum of $1,000 each, made by the Coral Gables Corporation, which she had purchased from the Atlanta Trust Company, one of the appellees, which bonds then had a market value of $11,000 plus accrued interest. On March 26, 1927, a vice president of the Atlanta Trust Company addressed a letter to appellant's husband, who was her agent, in reference to an exchange of the above-mentioned bonds for bonds for the same amount of a later issue of bonds of the Coral Gables Corporation, and recommended that the bonds then held by the appellant be exchanged for bonds of the later issue. In reply to that letter, appellant's husband wrote a letter, in which appellant was referred to as Annie, containing the following:

"Regarding the issues which your bank had purchased and distributed, you told me in substance that 'while under the law your Trust Company was inhibited from guaranteeing various issues bought and sold by the bank, nevertheless, as a matter of practical fact, the Company stood back of any issue it might place with the public from time to time.' I so reported this conversation to Annie, which very greatly reassured her as it did me.

"Now, therefore, with this distinct understanding in mind—if it be your understanding likewise—I herewith enclose the follow-

ing Bonds of Coral Gables Corporation, all the property of Annie:

"Nos. 226 to 233 inclusive, total $8,000.00, due Sept. 1, 1927, to be exchanged for the longest maturity of new bonds referred to in your letter of the 26th, and which exchange you ask be made.

"If your understanding in the premises as to the Atlanta Trust Company standing right squarely back of these new bonds both as to principal and interest be not exactly as my understanding is, and as above stated, please do not make the exchange; but rather hold same for the account of Annie, to be redeemed both as to principal and interest on September 1st, 1927, next."

In reply to that letter, the same official of the Atlanta Trust Company, in a letter dated April 2, 1927, addressed to appellant's husband, stated:

"I have your letter of March 31st, enclosing Coral Gables Corporation Bonds Nos. 226–233, inclusive, totaling $8,000, maturing Sept. 1, 1927.

"I wish to assure you that while the law of Georgia does not permit a trust company with a banking department to guarantee bonds the Atlanta Trust Company is morally behind any bond purchased from it which is entirely in accordance with the understanding expressed to you when you were in Atlanta. * * *

"Our records show that you did not send bonds Nos. 345–6 of the January issue and No. 334 of the February issue which are now standing on our books in Annie's name.

"I am handing you an interim receipt for the $8,000 bonds forwarded and am reserving three bonds of the same maturity to take care of the above which I request that you send me by return mail. Evidently you overlooked these three Coral Gables bonds when you sent the eight.

"I am enclosing check for interest and premium to cover the eight bonds as per statement enclosed."

As a result of an exchange of bonds made by the Atlanta Trust Company, appellant acquired eleven interest-bearing bonds of the Coral Gables Corporation of the later issue, each for the principal sum of $1,000. The Atlanta Trust Company paid to appellant the semiannual interest due on those bonds on October 1, 1928, and on April 1, 1929, after the Coral Gables Corporation had defaulted as to both principal and interest on all its bond issues. In December, 1929, the Citizens' & Southern National Bank, one of the appellees, acquired the assets and assumed the liabilities of the other appellee, the Atlanta Trust Company. Appellant made demand on the Citizens' & Southern National Bank for the semiannual interest on said bonds due April 1, 1930, and that bank refused to comply with that demand. The petition prayed judgment for $11,000 and interest thereon at 8 per cent. from October 1, 1929. The court sustained a demurrer to the petition.

■■ The theory of the claim asserted is that the Atlanta Trust Company became liable for the value of the bonds originally held by appellant by converting those bonds by exchanging them for other bonds contrary to the restrictions or limitations placed on such exchange by appellant's husband and agent in his letter which inclosed eight of those bonds. That letter showed that the writer of it fully understood that the Atlanta Trust Company did not agree to guarantee bonds bought and sold by it. Whatever was meant by the Atlanta Trust Company "standing right squarely back of those new bonds both as to principal and interest," manifestly it was not contemplated that the trust company, by making the exchange, would guarantee the payment of the principal and interest of the bonds or incur an equivalent legal obligation. It is to be inferred from allegations of the petition that three of the bonds originally held by the appellant were sent to the trust company to be exchanged for bonds of the new issue after the receipt by appellant's agent of the above-mentioned letter of April 2, 1927. That letter showed that the trust company, by exchanging the eight bonds first sent, did not consent to guarantee the new bonds, but that it interpreted its undertaking to amount to it being "morally behind any bond purchased from it." If there was a breach of the condition on which the eight bonds first sent were to be exchanged, the appellant, by accepting and retaining the eight bonds first received in exchange, and by sending three other bonds to be exchanged, with full knowledge of the breach, and that the trust company making the exchange did not intend to guarantee the bonds or to incur any enforceable legal obligation, but consented only to be "morally behind any bond purchased from it," ratified the act of the agent or bailee and waived any breach. Though, by reason of the breach of the condition on which the eight bonds first sent were to be exchanged, the exchange of those bonds was unauthorized, the subsequent ratification of the trans-

action by appellant had the same effect as if the exchange as it was made had been in strict compliance with the authority conferred on the Trust Company. Boyle v. Zacharie, 6 Pet. 635, 644, 8 L. Ed. 527; 21 R. C. L. 919. We conclude that the allegations of the petition do not show that the appellees or either of them are subject to any liability sought to be enforced.

The judgment is affirmed.