**WITTLIN v. GIACALONE et al.**
**No. 9744.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 21, 1948.

Decided Nov. 22, 1948.

Mr. Ellis B. Miller, of Washington, D. C., with whom Messrs. Milton W. King, Bernard I. Nordlinger and Wallace Luchs, Jr., all of Washington, D. C., were on the brief, for appellant.

Mr. Joseph P. Bailey, of Washington, D. C., for appellees.

Before PRETTYMAN and PROCTOR, Circuit Judges, and BAILEY, District Judge, sitting by designation.

PRETTYMAN, Circuit Judge.

This is an appeal from a final judgment of the District Court directing specific performance of a contract for the sale of certain real estate in the District of Columbia The facts are in the main undisputed.

Appellant was the owner of the property in question. In March, 1942, she told one Gravatte, a real estate broker, that she would sell if he obtained a customer. Gravatte placed "For Sale" signs on the property and advertised it for sale. No customer was found, and the owner rented the property in April of 1942. Meantime the appellee Giacalones, seeing the picture of the house in the newspapers, went to look at it but, finding it closed, took no further steps at that time. Almost two years later, on Sunday, December 19, 1943, Mr. Giacalone inquired of Gravatte whether the property was still for sale. The broker made an appointment with the owner, and with her consent the Giacalones inspected the house that day. That night Gravatte drew a contract of purchase and the Giacalones signed it. He took the instrument to the owner, and she signed it. She then gave this executed contract to Gravatte, under circumstances which we will relate in a moment, and he delivered it to the Giacalones. On April 6, 1944, they made tender of performance. The owner refused to convey, and the Giacalones filed this action for specific performance. The trial court granted the plaintiffs' motion

for summary judgment, and this court, upon appeal, reversed that judgment.[1] The case is now here on appeal from a final judgment after trial.

The District Court found the contract to be fair and reasonable, and the appellant owner does not seriously contend otherwise. She justifies her refusal to perform by alleging that it was agreed orally between her and Gravatte that the executed contract would not be a binding obligation or be delivered unless an encumbrance on the property could be paid off prior to the sale. It appears that the property was encumbered by a deed of trust securing a debt of $19,000. The signing and the conversation having been on Sunday, inquiry concerning early payment of that debt was postponed until Monday. That next morning the owner ascertained that her creditor would not agree to payment before maturity of the debt. Several days later, after January 1, 1944, she informed Gravatte of that fact but was told by him that having signed she was bound and required to perform.

The owner testified upon the trial that she took no steps to inform the Giacalones of the foregoing facts. There is also evidence, uncontradicted, that her attorney, at her request, wrote Mr. Giacalone on January 6, 1944, as follows:

"I am advised that, since the contract was signed and the deposit made, you have several times called upon the tenant * * *.

"This is to advise you that you do not become the owner of this property until you complete your purchase; * * *."

There is no showing that the Giacalones had any knowledge of the owner's present contention until some five months subsequent to the execution of the contract, when, on May 5, 1944, she filed her answer in this action.

■ The trial court found, and there is ample evidence to support the finding, that Gravatte was the owner's agent. The contract of sale itself provides: "The seller agrees to pay to L. T. Gravatte, Realtor, Agent, the regular rate of commission * * *." There is no evidence that he was in the employ of the vendees. The trial court also found that there was no fraud on the part of the Giacalones.

■ The issue, therefore, is simply whether the alleged misconduct of the seller's agent toward her is ground for refusing specific performance under the circumstances. We think not. Where an agent is clothed with either real or apparent authority to act, proof of secret instructions is not a good defense to defeat the rights of innocent third parties.[2]

■ To accept appellant's reasoning would be to hold that where an agent with apparent authority conducts an unauthorized transaction for his principal, the latter could await events and affirm or renounce as subsequent conditions might indicate his interest then to be. This a principal cannot do.[3] Moreover, this owner, by her attorney, wrote the buyers, saying in effect, "We have a contract." A principal who ratifies the unauthorized act of an agent, with full knowledge of the facts, is bound thereby.[4]

Appellant relies on cases and other authorities dealing with escrow. They are inapplicable here. She also relies on cases dealing with the obligations of an agent to his principal. The problem of her rights and liabilities with respect to Gravatte was

[1] Wittlin v. Giacalone, 1946, 81 U.S. App.D.C. 20, 154 F.2d 20.

[2] Roth v. Hyer, 5 Cir., 1943, 133 F.2d 5, certiorari denied 1943, 318 U.S. 782, 63 S.Ct. 859, 87 L.Ed. 1149; Lyons Milling Co. v. Goffe & Carkener, 10 Cir., 1931, 46 F.2d 241, 83 A.L.R. 501. See Restatement, Agency § 160 (1933); 1 Mechem, Agency § 710 (2d ed. 1914).

[3] Standard Oil Co. v. Lyons, 8 Cir., 1942, 130 F.2d 965; Alexander v. Phillips Petroleum Co., 10 Cir., 1942, 130 F.2d 593; Leviten v. Bickley, Mandeville & Wimple, 2 Cir., 1929, 35 F.2d 825; Royal Bank of Canada v. Universal Export Corporation, 2 Cir., 1926, 10 F.2d 669.

[4] Crane Co. v. James McHugh Sons, Inc., 10 Cir., 1939, 108 F.2d 55; Lyden v. Atlantic Trust Co., 5 Cir., 1931, 53 F.2d 749; First Nat. Bank of Enid, Okl., v. Alton Mercantile Co., 8 Cir., 1927, 18 F.2d 213; Ellis v. Simmons, 5 Cir., 1926, 11 F.2d 596; The Egeria, 9 Cir., 1923, 294 F. 791. See Restatement, Agency § 82 et seq. (1933).

not before the trial court and is not before us. We read the judgment of the trial court as conforming to the complaint and thus as directing performance of those provisions in the contract which relate to rights and obligations as between the vendor and the vendees, and not as purporting to adjudicate any rights or obligations as between the owner and her agent. Thus read, the judgment is

Affirmed.